# AFFIDAVIT

## I. INTRODUCTION:

I, Justin Jett, (hereafter referred to as Affiant) being duly sworn, do hereby depose and state the following:

1. I am a "federal law enforcement officer" within the meaning of Federal Rule of Criminal Procedure 41(a)(2)(C) and 18 U.S.C. §§ 2703(c)(1)(A), that is, a government agent engaged in enforcing the criminal laws and duly authorized by the Attorney General to request a search warrant.

2. I have been employed as a Police Officer for the Cynthiana Police Department since graduating the Police Academy in Richmond, KY in August 2014. I was promoted to Detective in April 2016 and to Sergeant Detective in November 2017. I was deputized as a Task Force Officer with the DEA in March 2021. I am currently assigned to the Louisville, Kentucky Field Division as a member of the Financial Investigations Group (FIG). I am authorized and have the responsibility to investigate and arrest persons for violations of federal law, including violations involving the unlawful distribution of drugs, (21 U.S.C. § 841(a)(1)), attempt and conspiracy to commit the same (21 U.S.C. § 846), money laundering (18 U.S.C. § 1956 and 1957), and various firearms offenses (18 U.S.C. § 924(c)).

3. I have participated in numerous drug investigations, including international narcotics smuggling operations; illegal Internet narcotics sales; narcotics-related money laundering; and possession and distribution of cocaine, heroin, methamphetamine, fentanyl and other drugs. I have been the lead investigator in homicide investigations, robbery investigations and crimes against children including rape and child pornography charges. I have debriefed defendants, cooperating individuals, and witnesses who, from their personal knowledge, related

how they amassed, spent, converted, transported, distributed, and concealed the proceeds of their unlawful drug trafficking. I have received training in narcotics investigations, money laundering, Internet investigations, homicide investigations, sex crimes and asset seizures. In my capacity as a DEA Task Force Officer, I am authorized to apply for a search warrant under Rule 41 of the Federal Rules of Criminal Procedure.

4. Based upon my training and experience, and the training and the experience and training of other law enforcement officers that have participated in this investigation, I know that:

a. Persons involved in the distribution of controlled substances store narcotics, narcotics proceeds, and records relating to the trafficking of narcotics at their residences;

b. Persons involved in the distribution of controlled substances maintain on hand relatively large amounts of U.S. currency in order to maintain and finance their on-going drug trafficking business;

c. Persons involved in the distribution of controlled substances maintain books, records, receipts, notes, ledgers, travel records, cellular telephone records, financial transaction receipts, and other papers relating to the procurement, distribution, storage and transportation of controlled substances and other documents related to their drug trafficking activities. These records may include the telephone numbers of customers and sources, the amount of controlled substances distributed to various customers, along with running totals of debts owed by those customers. They also maintain paraphernalia utilized to cut, package and weigh controlled substances. These aforementioned items are commonly maintained in locations to which drug traffickers have frequent and ready access, i.e. residences and automobiles;

d. Persons involved in the distribution of controlled substances commonly store contraband, proceeds of drug sales, and records of drug transactions in secure locations within their residences and/or businesses for ready access and to conceal them from law enforcement authorities;

e. Persons involved in the distribution of controlled substances commonly maintain addresses or telephone numbers in books or papers that reflect names, addresses and/or telephone numbers of their criminal associates in drug trafficking;

f. Persons involved in the distribution of controlled substances use electronic equipment to aid them in their drug trafficking activities. This equipment includes, but is not limited to, mobile telephones, and computers.

g.  Cellular telephones utilized by drug traffickers often contain evidence of their crimes including, but not limited to, the contact names and numbers of co-conspirators and electronic communications saved on the device;

h.  Persons involved in the distribution of controlled substances take or cause to be taken photographs of themselves, their associates, their property, and their product. That these traffickers may maintain these photographs at their residences that they control;

i.  Persons involved in the distribution of controlled substances frequently maintain firearms to protect both the controlled substances and proceeds derived from their sale from other narcotics traffickers and law enforcement authorities.

5.  The information in this affidavit is based on my participation in this investigation, information provided to me by other law enforcement officers involved in this investigation, and my discussions with other law enforcement agents and other witnesses. The information contained in this affidavit does not describe the entirety of this investigation but sets forth only those facts relevant and necessary to determining probable cause for the requested search.

II.   **REQUESTED WARRANT:**

6.  This affidavit is submitted in support of an application for a search warrant to search the below listed property and to search for and seize certain items (more fully described in Attachment B, incorporated by reference herein):

a.  **385 Redding Road Building 23 Apartment 182, Lexington, Fayette County, Kentucky** – The property located at 385 Redding Road, Lexington, Fayette County, Kentucky, is more fully described as a two-story, multi-unit apartment building. The address is described as being constructed of a white brick-looking material. The building has white looking brick with a center door that has a covered porch. To the right of the center door has a sign that reads "23 177-184". The building is located at or near GPS coordinates 37.99072, -84.50449. Photographs of this address, taken by DEA personnel and/or captured via Google Earth, have been attached and marked as "Attachment A".

b.  **Person of Kenneth Berry**– A photograph of Kenneth Berry, DOB 3/5/1993, has been attached and marked as "Attachment C".

c.  **Person of Makyla Steward**– A photograph of Makyla Steward, BOB 7/18/1997, has been attached and marked as "Attachment D".

7.       The purpose of the search warrant is to locate and seize property in the Eastern Judicial District of Kentucky which constitutes of evidence of the unlawful distribution and possession with the intent to distribute controlled substances, in violation of 21 U.S.C. § 841(a)(1), conspiracy to distribute and possess with intent to distribute controlled substances in violation of 21 U.S.C. § 846, and/or money laundering or conspiracy to commit money laundering offenses in violation of 18 U.S.C. § 1956, by suspects identified as Kenneth R. BERRY, Makyla STEWARD, Justin Jamal JENKINS and Wenceslao Mariscal VALLEJO .

II.      **PROBABLE CAUSE:**

8.       On 01-13-2023, an undercover officer (UC) with the DEA received information that an unknown individual in the Lexington, Kentucky area had bulk United States Currency (USC) that needed to be laundered to Mexico. A phone number was passed and the contract was accepted. Soon after, the UC with the DEA received communication from the unidentified male from phone number 52-55-27460531, which is a number with a country code from Mexico. That individual informed the UC that his client would be calling him shortly. Less than an hour later, a male called the UC from phone number 865-334-9539 to confirm the drop off of $200,000.00 in USC that is believed to be drug proceeds. The transaction was scheduled to take place on 01/17/2023.

9.       On 01/17/2023, DEA surveillance was established at Lowe's Home Improvement located at 2300 Grey Lag Way, Lexington, Kentucky. The UC contacted the individual utilizing phone number 865-334-9359 and gave the male the location of the meet. The male told the UC that he would be approximately 30 minutes. Approximately 30 minutes later, a black 2018 Honda Accord bearing a Kentucky registration of 021YDH parked on the driver's side of the UC.

A search of reliable law enforcement databases showed the vehicle was registered to Makyla Cheyenne STEWARD. STEWARD's driver's license showed an address of 385 Redding Road, Apartment 90, Lexington, Kentucky 40517. A black male identified as Kenneth R. BERRY exited the vehicle and approached the UC. Special Agent (SA) Chris Hill took note that a white 2016 Jeep Cherokee bearing a Kentucky registration of B1V811 was also present at the scene and appeared to be associated with the Honda Accord and BERRY. A search of reliable law enforcement databases showed the vehicle was registered to Kenneth R. BERRY but believed to be operated by Steward.

10. BERRY pulled a black duffle bag from the black 2018 Honda Accord bearing a Kentucky registration of 021YDH and took it to the passenger's side of the UC vehicle. BERRY verified the UC was the person to receive the duffle bag. BERRY drove off in the black 2018 Honda Accord bearing a Kentucky registration of 021YDH, followed closely by the white 2016 Jeep Cherokee bearing a Kentucky registration of B1V811. The duffle bag contained approximately $245,000.00 in bulk USC.

11. DEA investigators followed the two vehicles back to 385 Redding Road, Lexington, Kentucky which is an apartment complex. The two went into building 12 which contains apartment #90. Shortly after arriving, the black 2018 Honda Accord bearing a Kentucky registration of 021YDH left and went to Walgreens located at 101 East Reynolds Road, Lexington, Kentucky. STEWARD exited the vehicle and went inside. After leaving Walgreens, STEWARD drove the black 2018 Honda Accord bearing a Kentucky registration of 021YDH back to 385 Redding Road, Lexington, Kentucky.

12. On 04/20/2023, DEA investigators learned of an individual using the cellphone number of 859-457-4273 that wanted to launder illegal narcotic proceeds to Mexico in the

Lexington, Kentucky area. An undercover officer made contact with the individual and the money pickup for $104,000.00 was scheduled for Friday (04/21/2023).

13. On 04/21/2023, DEA investigators established surveillance at the determined meet location and the affiant observed a black 2019 Volvo SUV bearing a Missouri registration of ZF1T4S, as it pulled into the meet location. A search of a reliable database showed that the 2019 Volvo was a rental vehicle, registered to Enterprise. The affiant observed the black 2018 Honda Accord bearing a Kentucky registration of 021YDH following the Volvo SUV into the area. BERRY exited the Volvo SUV with a black duffle bag and entered the UC's vehicle. After a brief exchange, Berry left the duffle bag which contained $149,705.00 in bulk USC. BERRY left in the Volvo SUV and the Honda Accord closely followed. DEA investigators followed the Volvo SUV and the Honda Accord as they rode in tandem through Lexington, Kentucky to 201 Lynnwood Drive, Nicholasville, Kentucky. That address is associated with STEWARD and SA Hill observed STEWARD exit the Honda Accord with a small child and enter the residence.

14. On 05/08/2023, BERRY drove the Volvo SUV from Nicholasville, Kentucky to Stanton Way in Lexington, Kentucky to meet with an individual whom he believed to be a courier for the drug trafficking and money laundering organization (DTMLO). The courier was actually a DEA UC. BERRY was observed leaving his residence at 201 Lynnwood Drive with a bag that was greenish in color. STEWARD left at the same time as BERRY in the Honda Accord. Both the Honda Accord and the Volvo SUV arrived on Stanton Way at the same time. The Honda Accord parked off in a distance and appeared to provide security. BERRY drove the Volvo SUV to the DEA UC and handed over the greenish bag that contained $73,940.00 in USC. The Volvo SUV and the Honda Accord left the area.

15. On 05/09/2023, DEA surveillance followed BERRY, who was operating the Honda Accord, to Best Buy on Nicholasville Road in Lexington, Kentucky. BERRY was observed meeting with a grey Nissan Sentra bearing a Tennessee registration of BJY7061. BERRY was observed walking from the Honda Accord to the Nissan Sentra and appeared to be carrying something small in his hand. BERRY opened the passenger door of the Nissan Sentra and tossed the object into the seat. Both vehicles then left the area. Kentucky State Police (KSP) conducted a traffic stop of the Nissan Sentra and seized a clear bag containing suspected fentanyl. The substance was sent to the Kentucky State Police (KSP) laboratory for testing. Chemists at the laboratory confirmed that the substance contained fentanyl, a Schedule II controlled substance, and that it weighed approximately 27.023 grams. The operator of the Nissan Sentra admitted to police that he obtained the bag containing fentanyl from BERRY.

16. On 05/15/2023, DEA surveillance observed STEWARD leave the residence at 201 Lynnwood Drive with a large purse. The observation was made by utilizing a DEA pole camera. DEA surveillance utilized the court ordered GPS tracker placed on the Honda Accord and followed Steward to Space Center Storage located at 3885 Mall Road, Lexington, Kentucky. The GPS tracker placed the Honda Accord near storage unit H378. The GPS tracker showed STEWARD only stayed approximately four minutes. DEA surveillance followed STEWARD to The Colony at The Oaks Apartments located at 385 Redding Road, Lexington, Kentucky. TFO Rob Hart observed STEWARD exit Building Number 23 with a shoe box and drive away in the Honda Accord. TFO Justin Jett was able to get ahead of STEWARD as she traveled to Tabor Ridge Townhomes located at 401 Patchen Drive, Lexington, Kentucky. STEWARD parked the Honda Accord in front of Unit Number 15. A few minutes later, a black male exited Unit Number 15 with a grocery bag that was white or whitish in color. The shape of the bag

resembled a stack of U.S. currency. TFO Jett observed the black male place the white bag in the passenger's seat of the Honda Accord and then carry a shoe box back to Unit Number 15. The affiant believes that the storage unit is being used to store bulk illegal narcotics and the apartment at The Colony at The Oaks Apartments is being used to process the bulk illegal narcotics before distribution. Both a KU subpoena and United States Postal Service reported Apartment 182 in STEWARD's name. Apartment Number 182 is located within Building Number 23.

17. On 05/22/2023, TFO Jett and KSP Trooper Joshua Giles went to Unit H378 at 3885 Mall Road, Lexington, Kentucky (Space Center Storage). Trooper Giles deployed canine Johan for a free air sniff of the storage units near H378. Canine Johan is trained and certified to detect the odors of marijuana, cocaine, heroin, methamphetamine and ecstasy. Canine Johan showed a positive indication on storage Unit H378. Trooper Giles and TFO Jett both noticed the odor of cocaine coming from the storage unit. The odor of cocaine is characterized as a bitter chemical smell.

18. On 05/23/2023, Fayette County District Court Judge T. Bruce Bell signed a search warrant for the installation of a DEA-owned pole camera at Space Center Storage for Unit H378.

19. On 05/30/2023, BERRY left 201 Lynnwood Drive carrying a red and white gift bag. Berry left in a white 2018 Jeep SUV bearing a Florida registration of 56ABFG. Steward followed Berry closely in the Honda Accord. Berry and Steward drove to a predetermined location given to Berry by a DEA UC. Steward provided security while BERRY handed a DEA UC $139,960.00 in bulk USC. BERRY and STEWARD returned back to 201 Lynnwood Drive

in their respective vehicles. A search of reliable law enforcement databases showed the white 2018 Jeep SUV was registered to AVIS Car Rental.

20. On 06/22/2023, STEWARD traveled to Space Center Storage in the Honda Accord and entered unit H378. STEWARD partially shut the door behind her. STEWARD left unit H378 after approximately two minutes. Based on training and experience, and this investigation, the affiant knows that brief visits to the storage unit are consistent with the delivery, or retrieval, of controlled substances. STEWARD then traveled to 385 Redding Road, Lexington, Kentucky and SA Hill observed STEWARD walk into building 23. Approximately 28 minutes later, STEWARD and an individual identified as Justin Jamal JENKINS walked out of building 23. Officers later positively identified JENKINS based on the fact that he is the registered owner of the white 2014 Toyota Camry bearing a Kentucky registration of BRR419, and also by examination of his driver's license photograph through the Kentucky Department of Motor Vehicles database, which is known to be a reliable source of information for law enforcement. SA Hill observed JENKINS leave in a white 2014 Toyota Camry bearing a Kentucky registration of BRR419, while STEWARD followed closely in her Honda Accord. STEWARD traveled to Mist Lake Plaza located at 3410 Richmond Road, Lexington, Kentucky. TFO Jett observed that the Toyota Camry parked in front of Unit 15 of Tabor Ridge Townhomes located at 401 Patchen Drive, Lexington, Kentucky. SA Hill observed the Toyota Camry pull up next to the Honda Accord and then observed JENKINS throw an object from his vehicle into the Honda Accord. Both STEWARD and JENKINS left the area.

21. CS-23-167573 is a qualified confidential source working with law enforcement. On 06/29/2023, at DEA's request, CS-23-167573 set up a transaction for one ounce of heroin from JENKINS. JENKINS traveled to 385 Redding Road for approximately eight minutes then

traveled to the meet location with CS-23-167573. JENKINS gave CS-23-167573 a clear baggy of a white powdery substance. Based on officer training and experience, the substance is consistent with a controlled substance. The suspected controlled substance was sent to KSP Laboratory for analysis and confirmation of a controlled substance. Lab results are pending.

22. On 07/13/2023, BERRY and STEWARD met JENKINS at The Summit at Fritz Farm located in Lexington, Kentucky. STEWARD got in the vehicle with JENKINS and BERRY traveled to the parking lot near Starbucks. TFO Rob Hart observed a male Hispanic walk to the Honda Accord that Berry was operating. TFO Hart observed the male Hispanic place a red-looking bag into the Honda Accord, then drive away in a gray 2015 Range Rover SUV bearing a Tennessee registration of PD87280. BERRY traveled to Marathon Gas located at 100 East Tiverton Way, Lexington, Kentucky to meet STEWARD and JENKINS. TFO Hsiu observed STEWARD handing the red-looking bag and identified it as a red Spider-Man backpack. Berry and STEWARD left in the Honda Accord and traveled to Space Center Storage. TFO Jett utilized the DEA pole camera and observed STEWARD go into unit H378 with a red Spider-Man backpack and left without it. Kentucky State Police (KSP) stopped the Range Rover near Elizabethtown, Kentucky, and identified both occupants of the vehicle.

23. On 07/15/2023, law enforcement utilized the DEA pole camera to observe that STEWARD traveled to Space Center Storage and went inside Unit H378, then partially closed the door behind her. When STEWARD exited the storage unit, she had a visible rectangular object in her right pocket and a visible rectangular object hidden under her shirt. The rectangular objects were consistent with the shape of a kilogram of an illegal narcotic.





24.     STEWARD then traveled to 385 Redding Road, Lexington, Kentucky. Your affiant observed STEWARD as she sat in her vehicle. Approximately 13 minutes later,

JENKINS arrived in the green Toyota Camry and walked into Building Number 23. STEWARD then exited the Honda Accord and walked into Building 23. Approximately nine minutes later, both JENKINS and STEWARD exited building 23 and left in their respective vehicles. DEA followed the Toyota Camry and Honda Accord to the area of Bolser Avenue, Lexington, Kentucky. The two vehicles split up for a few minutes and STEWARD waited for JENKINS by Fitzpatrick's Furniture store. JENKINS pulled up next to STEWARD for about a minute, and the two then left the area.

25.    On 7/18/2023, TFO Hart observed BERRY walk out of 201 Lynnwood Drive while carrying a large white bag. The bag appeared to contain a box. STEWARD got into the passenger's seat and BERRY drove the Honda Accord away. Berry drove to the area of The Summit at Fritz Farm in Lexington, Kentucky. SA Hill observed the Honda Accord meet with a gray Honda Ridgeline bearing a Florida registration of AK56QY. SA Hill observed a Hispanic male exit the Honda Ridgeline and take the white bag from the Honda Accord. SA Hill observed the Hispanic male place a dark colored Pelican-looking case into the Honda Accord and then leave the area. BERRY drove the Honda Accord to the Space Center Storage. TFO Jett utilized the DEA pole camera and observed STEWARD place the Pelican looking case into storage unit H378 and then leave.



26.     The Honda Ridgeline was followed to Thorntons located at 2300 Woodhill Drive, Lexington, Kentucky. KSP Sergeant Lafe Owens approached the Hispanic male, who then fled on foot. The Hispanic male was apprehended at approximately 2:01 pm and identified as Wenceslao Mariscal VALLEJO, DOB 3/3/1984, from San Diego, California. VALLEJO was identified pursuant to his California driver's license and by self-identification. KSP Trooper Giles read VALLEJO his Miranda Warning. VALLEJO waived his rights at 2:10 pm. VALLEJO informed Trooper Giles that there was money and three kilograms of drugs located in the Honda Ridgeline. Canine Johan alerted to the presence of an illegal narcotic on the Honda Ridgeline. Three kilograms of suspected controlled substances were located in the spare tire location. Two of the three kilograms were tested by utilizing a reliable field test device, Tru-Narc. The Tru-Narc test was positive for cocaine. The white bag that came from Berry was located in the Honda Ridgeline and it contained a large Cinnamon Toast Crunch box. A large sum of vacuum-sealed U.S. currency was located inside the Cinnamon Toast Crunch Box. Canine Johan alerted to the white bag for the presence of an illegal narcotic. VALLEJO further admitted that he provided 2 kilograms of cocaine in the Pelican case to the female subject that law enforcement knows to be

STEWARD. VALLEJO admitted that the cereal box should contain approximately $70,000 in USC.

27. A search of a reliable law enforcement database (CourtNet) shows that BERRY has prior convictions for Trafficking in a Controlled Substance First Degree (cocaine) in Fayette Circuit Court Indictment Number 12-CR-7. BERRY was placed on probation on or about March 21, 2012, but was sentenced to 3 years' prison on or about October 5, 2016. BERRY has a second conviction for Trafficking in a Controlled Substance First Degree (heroin) in Fayette Circuit Court Indictment Number 16-CR-247. BERRY was sentenced to 5 years' imprisonment on or about October 4, 2016.

## CONCLUSION

28. Based on the above, I believe that there is probable cause to believe that:

   a. Kenneth Berry and Makyla Steward have engaged in criminal conduct, in the Eastern Judicial District of Kentucky, by distributing and conspiring to distribute controlled substances in violation of 21 U.S.C. Section 841(a)(1) and 846 and money laundering (18 U.S.C. § 1956 and 1957).

   b. Berry and Steward maintain a residence located at 201 Lynnwood Drive, Nicholasville, Jessamine County, Kentucky. From the investigation, I believe that Berry and Steward use 201 Lynnwood Drive to further their drug trafficking activities. I believe that this residence is used to store controlled substances, firearms, and currency derived from drug trafficking.

   c. I am aware from my training and experience, and the training and experience of others involved in this investigation, that persons involved in the distribution of controlled substances often keep items as listed in Attachment A and other items of contraband at their residences and/or in vehicles that they maintain control of.

29. Based on the foregoing, I believe there is probable cause to believe that items, more specifically set forth in Attachment A, which relate to the illegal activity by Berry and Steward, will be found and seized upon searching his place of residence, 385 Redding Road, Lexington, Fayette County, Kentucky.

**IT IS REQUESTED** that the Court authorize a search of Berry's and Steward's residence located at the address identified as 385 Redding Road, Lexington, Fayette County, Kentucky. This address is located at/near GPS coordinates 37.99072, -84.50449. It is further requested that the Court authorize the search of any locked container or safe found inside the property listed above where items contained in Attachment A may be located.

The above-statement is true and correct to the best of my knowledge, information, and belief and I request that a search warrant be issued for the above-described property.

/s/ Justin Jett
Justin Jett
Task Force Officer
Drug Enforcement Administration

Attested to by applicant per FRCrP 4.1 by realiable electronic means on this 18th day of July 2023.

HONORABLE MATTHEW A. STINNETT
UNITED STATES MAGISTRATE JUDGE